UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JEANNA MACOCHA,

        Plaintiff,

    v.                              CAUSE NO.: 2:19-CV-443-TLS-APR

LAKE COUNTY SHERIFF'S
DEPARTMENT,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Lake County Sheriff's Department's Motion to Dismiss [ECF No. 6] and a Letter [ECF No. 12] filed by the Plaintiff. For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED and the relief requested by the Plaintiff in her Letter is DENIED.

**PROCEDURAL AND FACTUAL HISTORY**

On November 22, 2019, the Plaintiff filed a Pro Se Complaint [ECF No. 1] alleging that she has been hacked and threatened by individuals representing to have connections to Defendant Lake County Sheriff's Department. On January 3, 2020, the Defendant filed a Motion to Dismiss [ECF No. 6]. The Plaintiff filed a response on January 7, 2020. No reply was filed, and the time to do so has passed. On July 6, 2020, the Plaintiff filed a Letter [ECF No. 12] in which she requests "the Court give the asking amount of [$]500,000" and to subpoena an unspecified party.

**LEGAL STANDARD**

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**ANALYSIS**

The Defendant argues that the Plaintiff's Complaint should be dismissed because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The primary purpose of this rule "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.* (quoting *Stanard*, 658 F.3d at 798). While pro se litigants are not excused from complying with rules of

procedure, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Bond v. Bittrich*, No. 3:09-CV-413, 2009 WL 3823022, at *1 (N.D. Ind. Nov. 12, 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Based on the Plaintiff's Complaint, it is clear that she is alleging that she has been hacked and harassed by certain individuals. She also clearly alleges that those individuals represented to her that they have some connection to the Lake County Sheriff's Department. Beyond that, the Plaintiff's Complaint is unintelligible. Indeed, it is unclear, based on the contents of the Complaint, whether the Plaintiff is alleging that the Defendant should be held liable because it failed to protect her from the alleged hacking and harassment or whether the Defendant is directly responsible for the alleged wrongdoings.

Regardless of the Plaintiff's intended allegation, issues warranting dismissal are present. While the Plaintiff's Complaint, on several occasions, clearly alleges that the police failed to protect her, *see, e.g.*, Compl. 4, ECF No. 1 ("If [the] police would have cared about the wellbeing of me and my family, they could have stopped this."), it is well established that such inaction does not create a cause of action upon which relief can be granted. *See Wilson-Trattner v. Campbell*, 863 F.3d 589, 593–96 (7th Cir. 2017).

Further, the Complaint does not specify how the Defendant's actions are the cause of the Plaintiff's alleged injuries. The Complaint alleges that the Plaintiff's hackers and stalkers represented that they are connected to the Defendant, but the Plaintiff does not actually allege that the Defendant caused her injuries or that the hackers and stalkers are the Defendant's agents. As such, the Plaintiff's Complaint does not link the Defendant to any wrongdoing and is insufficient to give the Defendant fair notice of the charges brought against it.

3

At this time, the Complaint does little more than establish that the Plaintiff wants compensation and set forth facts that create merely a suspicion that she may have a legally cognizable right of action, which is insufficient to satisfy the Rule 8 pleading requirements. Therefore, the Court, even applying the less stringent standards afforded to pro se litigants, must dismiss the Plaintiff's Complaint. Although the Defendant requests the Court to dismiss the Complaint with prejudice, "[i]t is well established that dismissal . . . pursuant to . . . Rule 12(b)(6), generally should be *without* prejudice to give the plaintiff an opportunity to amend [her] complaint to cure the deficiencies that led to dismissal." *Phillips v. Board*, No. 1:17-CV-224, 2017 WL 3503273, at *5 (N.D. Ind. Aug. 15, 2017).

For the reasons set forth above, the Court GRANTS Defendant Lake County Sheriff's Department's Motion to Dismiss [ECF No. 6] and DISMISSES the Plaintiff's Pro Se Complaint [ECF No. 1] without prejudice. The Plaintiff is granted up to and including November 23, 2020, to file an Amended Complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure. The Plaintiff is cautioned that, if she does not respond by the November 23, 2020 deadline, the Court will direct the Clerk of Court to close the cause of action. The Court DENIES the relief requested by the Plaintiff in her Letter [ECF No. 6] as the Court has not entered judgment in favor of the Plaintiff and there is, at this time, no need to subpoena any party in relation to this matter.

SO ORDERED on October 28, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT